## Denny's Adm'r v. Denny's Heirs.

(Decided March 27, 1936.)

As Modified on Denial of Rehearing June 12, 1936.

CLEM W. HUGGINS and ROBERT E. HOGAN, for appellant.

A. R. ERNBERG and GEORGE T. ROSS for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Madison circuit court surcharging the accounts of the appellant, Berea Bank & Trust Company, administrator of Reynolds Denny, to the extent of $1,361.06. Denny, a World War veteran, died intestate in 1920. His parents died intestate within a year or two thereafter, and the persons now interested in his estate are nine brothers and sisters, who are the appellees here. In February, 1932, appellant qualified as the administrator of Reynolds Denny and collected the sum of $10,073.53 as the proceeds of a policy of War Risk insurance on his life. This sum was secured for the estate, without suit, through the efforts of E. B. Gabbard, an attorney employed by the heirs. In July, 1933, the appellant filed its final settlement in the county court, showing the payment of $1,058.84 to each of the nine heirs, together with the written receipt of each of them for this amount. It took credit of $503.77 for its commission as administrator, and and it paid a fee of $20 to Mr. Gabbard. The cost of settlement amounted to $40.20. In September, 1933, this suit was filed by the nine brothers and sisters of Reynolds Denny against the appellant, E. B. Gabbard, and J. F. Dean, the appellant's trust officer.

The petition alleges that, instead of getting $1,058.84, each of the heirs received only $946.92. It likewise alleges that a reasonable fee for the services of the administrator would have been $150, and that the amount actually charged was excessive to the extent of $353.77. It was claimed that the defendants conspired to defraud the plaintiffs out of the sum of $1,007.28, and the petition asked that the accounts of the administrator be surcharged and for personal judgment against each of the defendants in the sum of $1,361.05.

It was shown at the trial that all of the heirs were notified to be present at the bank for the purpose of receiving their checks on May 23, 1932. When they were all assembled, they were taken into the directors'

room of the bank, and each signed a receipt for $1,-058.84. They were each then given a check for $111.92, which they indorsed and turned over to Mr. Gabbard in payment of his fee. They were then each given a check for $946.92, representing their net share in the estate. It was claimed by the defendants that these payments of $111.92 by each of the heirs represented the agreed fee that each was to pay the attorney for his services in collecting the insurance. The plaintiffs deny that there was any agreement as to a fee with Mr. Gabbard, but they admit that no objection was raised at the time, and the proof indicates very strongly that several of them expressed themselves as being highly pleased with the whole transaction. The chancellor dismissed the case as to the two individual defendants, but gave judgment against the administrator for the full amount prayed.

Appellees seek to justify the decision of the chancellor on the theory that the administrator brought pressure to bear on them by threatening to withhold settlement for two years unless they agreed to the terms fixed. There is no testimony from which it could be assumed that the bank did not believe in good faith that Mr. Gabbard had a contract with the heirs for the payment of a 10 per cent. fee. It is difficult to believe that all nine of these heirs would have indorsed their checks and turned them over to the attorney under pressure from the administrator or without knowing what they were doing or without some agreement with him, nor do we conclude from the evidence that the fee charged was not a reasonable one under the circumstances. In any event, it is clear from the proof that the payments were made direct to the attorney by the parties interested, and did not even pass through the administrator's accounts. If the fee was unreasonable, unlawful, or improperly collected, under the facts here presented the responsibility obviously was that of the attorney, and not that of the administrator. The attorney was exonerated from responsibility, and is not a party to this appeal.

It is set out in the pleadings, although not argued in the briefs, that the fee which an attorney may charge for collecting a policy of War Risk insurance where no suit is filed is limited by the federal statutes to $10. 38 U. S. C. A. sec. 551. The statute, however, while

making the collection of a fee in excess of the amount permitted a misdemeanor, does not penalize its payment and does not expressly give a right of recovery to the person making the payment. It has been held in at least one case that if a right of recovery exists at all, jurisdiction to enforce such recovery is exclusively in the federal courts. Matter of Engel's Estate, 140 Misc. 276, 250 N. Y. S. 648; 28 U. S. C. A. sec. 371. Even here the right of recovery certainly must be exerted against the attorney, and not the administrator. The attorney is not before us, and we do not therefore pass on the question of jurisdiction over him.

To the extent that the chancellor reduced the commission charged by the administrator, we think his judgment was correct. The estate coming into its hands was made up entirely of cash. There were no taxes to be paid or other complications to be considered, and nothing was involved except the collection of the money and the making of a very simple final settlement. Un-

Judgment reversed for proceedings consistent herewith. der the circumstances, therefore, we think that $150 was a reasonable allowance.